T.C. Memo. 2001-88


UNITED STATES TAX COURT


BRANDON CHRISTOPHER MERRIWEATHER, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11167-00L.                    Filed April 11, 2001.


Brandon Christopher Merriweather, pro se.

<u>Vicki L. Miller</u> and <u>Kerry H. Bryan</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court
on respondent's Motion To Dismiss The Tax Years 1995 And 1996 For
Failure To State A Claim Upon Which Relief Can Be Granted, filed
pursuant to Rule 40.[1]

---

[1]  All Rule references are to the Tax Court Rules of
(continued...)

Background

On October 29, 1998, respondent issued a notice of deficiency to petitioner determining a deficiency of $2,891 in his Federal income tax for 1997. The notice of deficiency may not have been mailed to petitioner at his last known address. In any event, the notice of deficiency was returned to respondent by the Postal Service and was not received by petitioner.

On November 18, 1998, respondent issued a notice of deficiency to petitioner determining deficiencies of $2,126 and $2,623 in his Federal income taxes for 1995 and 1996, respectively. This notice of deficiency was mailed to petitioner at his last known address. Petitioner does not assert that he did not receive the notice of deficiency.[2] However, petitioner failed to file a petition with the Court challenging the notice of deficiency pursuant to section 6213(a).

On October 14, 1999, respondent mailed to petitioner a Final Notice/Notice Of Intent To Levy And Notice Of Your Right To A Hearing (notice of intent to levy) pursuant to section 6331(a). The notice stated that petitioner owed taxes and statutory additions totaling $1,453.37, $3,267.96, and $3,307.40 for the

---

[1](...continued)
Practice and Procedure and, unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

[2] Indeed, petitioner attached a partial copy of this notice of deficiency to his petition.

taxable years 1995, 1996, and 1997, respectively, and that respondent was preparing to collect the same. The notice stated that petitioner would be given 30 days to request an administrative hearing with respondent's Appeals Office.

On October 19, 1999, petitioner filed a request for a collection hearing, Form 12153, with respondent's Appeals Office stating that he was not liable for the taxes set forth in respondent's notice of intent to levy.

On September 28, 2000, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination letter) stating that respondent intended to proceed with collection for the taxable years 1995, 1996, and 1997. The determination letter stated further that because petitioner had received a notice of deficiency for the taxable years 1995 and 1996, petitioner was not permitted to challenge his tax liabilities for those years in proceedings before the Appeals Office.

On October 30, 2000, petitioner filed with the Court a petition for review of respondent's determination to proceed with collection for the taxable years 1995, 1996, and 1997. The petition includes allegations that petitioner is not liable for the deficiencies for each of the years in question. In response, respondent filed a Motion To Dismiss The Tax Years 1995 And 1996

For Failure To State A Claim Upon Which Relief Can Be Granted, asserting that because petitioner received a notice of deficiency for the taxable years 1995 and 1996, he is barred from challenging in the present proceeding either the existence or the amount of the underlying tax liabilities for those years.

This matter was called for hearing at the Court's motions session in Washington, D.C.  Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion.  No appearance was made by or on behalf of petitioner at the hearing.  However, the Court did have before it petitioner's Objection to respondent's motion.

During the hearing in Washington, D.C., counsel for respondent acknowledged that the petition states a claim for relief with respect to respondent's determination to proceed with collection for the taxable year 1997.

Discussion

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6620 (pertaining to liens) and 6630 (pertaining to levies) to provide protections for taxpayers in tax collection matters.  Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review

of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination in either the Tax Court or a Federal District Court.

Section 6330(c)(2)(B) provides that neither the existence nor the amount of the underlying tax liability can be contested at an Appeals Office hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute such tax liability. Section 6330(d)(1)(A) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court so long as the Court has jurisdiction over the underlying tax liability.

In Goza v. Commissioner, 114 T.C. 176 (2000), we explained that section 6330(c) provides for an Appeals Office hearing to address collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. We further explained that section 6330(c)(2)(B) provides that neither the existence nor the amount of the underlying tax liability can be contested at an Appeals Office hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute such tax liability. The taxpayer in Goza had received a notice of

deficiency, yet failed to file a petition for redetermination with the Court. When the taxpayer subsequently attempted to use the Court's collection review procedure as a forum to assert frivolous and groundless constitutional arguments against the Federal income tax, the Court dismissed the petition for failure to state a claim upon which relief can be granted.

As was the case in Goza v. Commissioner, supra, it is evident that petitioner received a notice of deficiency for 1995 and 1996, failed to file a timely petition for redetermination with the Court challenging such notice pursuant to section 6213(a), and now is attempting to contest his underlying tax liabilities for those years in this collection review proceeding. Under the circumstances, section 6330(c)(2)(B) clearly provides that petitioner is barred from contesting the existence or amount of his tax liabilities for 1995 and 1996 before the Appeals Office. Petitioner failed to raise a spousal defense or to challenge respondent's proposed levy by offering a less intrusive means for collecting the taxes for 1995 and 1996 in either the Appeals Office hearing or in his petition for review filed with the Court. See sec. 6330(c)(2)(A). These issues are now deemed conceded. See Rule 331(b)(4). In the absence of a justiciable issue for review with respect to the taxable years 1995 and 1996, we shall grant respondent's motion to dismiss with respect to

those years.[3]

In view of the foregoing, we hold that respondent may proceed with collection with respect to petitioner's tax liabilities for 1995 and 1996.  Accordingly, we shall grant respondent's Motion To Dismiss The Tax Years 1995 And 1996 For Failure To State A Claim Upon Which Relief Can Be Granted.  Thereafter, the current proceedings will go forward with respect to petitioner's claims for the taxable year 1997.

In order to give effect to the foregoing,

<u>An appropriate order granting</u>

<u>respondent's motion will be issued</u>.

---

[3] The decision to be entered in this case at the conclusion of all of the proceedings will indicate that we sustain respondent's administrative determination to proceed with collection against petitioner for the taxable years 1995 and 1996.  However, such decision is not intended to serve as a review of respondent's determinations as to petitioner's underlying tax liabilities for 1995 and 1996.